HMK/em CH 7977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY
                Plaintiff,           08 CV 1807 (VM)(RLE)
                                     ECF CASE
   -against-

M/V HYUNDAI GARNET her engines, boilers,    **DEFAULT JUDGMENT**
tackle, etc., FAN CHENG INTERNATIONAL
TRANSPORTATION SERVICE, CO. LTD.,
EURASIA EXPRESS CO., LTD., EURASIA
EXPRESS GROUP, EURASIA FREIGHT
SERVICES, INC.
                Defendants.
------------------------------------------------------------X

       This action having been commenced on February 22, 2008, by the filing of the Summons and Verified Complaint, and a copy of the Summons and Verified Complaint having been served on defendant, Fan Cheng International Transportation Service, Co. Ltd., on March 13, 2008, by personal service pursuant Fed. R. Civ. P. 4(e), and the Affidavit of Service being filed on ECF on March 24, 2008, and the original Affidavit of Service being filed with the Clerk of the Court on March 26, 2008, and defendant Fan Cheng International Transportation Service, Co. Ltd. not having answered the Verified Complaint, and the time for answering the Verified Complaint having expired, it is

       ORDERED, ADJUDGED AND DECREED: that the plaintiff have judgment against defendant Fan Cheng International Transportation Service, Co., Ltd. in the liquidated amount of $65,129.34 with interest at 9% per annum from February 22, 2008, amounting to $1,465.00, plus costs and disbursements of this action in the amount of $364.00, amounting in all to $66,958.34.

Dated:  New York, New York
         May _27_, 2008

                                                      Victor Marrero, U.S.D.J.

I further certify that the docket entries indicate that defendant Fan Cheng International Transportation Service, Co., Ltd. has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendants is hereby noted.

Dated:  New York, New York
        May 23 , 2008

                                               **J. MICHAEL McMAHON**
                                               Clerk of the Court

                                               By: _____
                                                     Deputy Clerk

HMK/em CH 7977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY

                Plaintiff,              08 CV 1807 (VM)(RLE)
                                                  ECF CASE

    -against-

M/V HYUNDAI GARNET her engines, boilers,    **CLERK'S CERTIFICATE**
tackle, etc., FAN CHENG INTERNATIONAL
TRANSPORTATION SERVICE, CO. LTD.,
EURASIA EXPRESS CO., LTD., EURASIA
EXPRESS GROUP, EURASIA FREIGHT
SERVICES, INC.

                Defendants.
------------------------------------------------------------X

    I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on February 22, 2008, with the filing of a summons and verified complaint, a copy of the summons and verified complaint was served on defendant Fan Cheng International Transportation Service, Co. Ltd. by personal service pursuant to Fed. R. Civ. P. 4(e) and defendant Fan Cheng International Transportation Service, Co. Ltd. was also served through the Clerk of the Court pursuant to Fed. R. Civ. P. 4(f).

    Defendant Fan Cheng International Transportation Service, Co., Ltd. was personally served on March 13, 2008. The affidavit of service was filed via ECF on March 24, 2008, and the original affidavit of service was filed with the Clerk of the Court on March 26, 2008.

HMK/em CH 7977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY

                Plaintiff,         08 CV 1807 (VM)(RLE)
                                               ECF CASE

    -against-

M/V HYUNDAI GARNET her engines, boilers,    **STATEMENT OF DAMAGES**
tackle, etc., FAN CHENG INTERNATIONAL
TRANSPORTATION SERVICE, CO. LTD.,
EURASIA EXPRESS CO., LTD., EURASIA
EXPRESS GROUP, EURASIA FREIGHT
SERVICES, INC.

                Defendants.
-------------------------------------------------------------X

Principal amount sued for. . . . . . . . . . . . . . . . . . . . . . . $65,129.34

Interest at 9% per annum from February 22, 2008, through May 22, 2008,
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,465.00

Costs and Disbursements:

Clerk's fee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $350.00
Postage for service through Clerk of the Court . . . . . . . . . . . . . $14.00

Total (as of May 22, 2008). . . . . . . . . . . . . . . . . . . . . . $66,958.34

HMK/emm CH 7977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY

                Plaintiff,                08 CV 1807 (VM)(RLE)
                                                  ECF CASE

   -against-

M/V HYUNDAI GARNET her engines, boilers,      **DECLARATION FOR**
tackle, etc., FAN CHENG INTERNATIONAL        **JUDGMENT BY DEFAULT**
TRANSPORTATION SERVICE, CO. LTD.,
EURASIA EXPRESS CO., LTD., EURASIA
EXPRESS GROUP, EURASIA FREIGHT
SERVICES, INC.

                Defendants.
-------------------------------------------------------------X

        Kevin T. Murtagh, makes this declaration, subject to the penalty of perjury, 28 U.S.C. § 1746, as follows:

        1.     I am associated with the firm of KINGSLEY, KINGSLEY & CALKINS, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

        2.     I make this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant Fan Cheng International Transportation Service, Co., Ltd..

        3.     This is an action to recover the cost of a portion of the plaintiff's

1

cargo of knitted caps which was water damaged and rendered the cargo as unsaleable during ocean transit and while in the care and custody of the defendants. Plaintiff also sues for surveyor's fees.

4. Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1333, and the Carriage of Goods By Sea Act, 46 U.S.C. App. § 1300, *et seq.*

5. This action was commenced on February 22, 2008, by the filing of the summons and verified complaint.

6. A copy of the summons and verified complaint was served on defendants Fan Cheng International Transportation Service, Co. Ltd. by personal service on March 13, 2008, at the office of Eurasia Freight Service, Inc., 230-79 International Airport Center Blvd., Suite 250, Jamaica, NY 11413. The affidavit of service was filed via ECF on March 24, 2008, and the original affidavit of service was filed with the Clerk of the Court on March 26, 2008.

7. Each defendant is a corporate entity and is therefore not an incompetent or infant.

8. Defendant Fan Cheng International Transportation service, co., Ltd. has not answered the verified complaint and the time to answer the verified complaint has expired.

9. This action seeks judgment for the liquidated amount of $65,129.34, plus interest at 9% per annum from February 22, 2008, for a

total as of May 22, 2008, of $1,465.00 as shown by the annexed Statement, which is justly due and owing , and no part of which has been paid.

10. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

11. Notice of this application for default judgment was provided to defendants via first class mail.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against Fan Cheng International Transportation Service, Co., Ltd.

Dated: Hicksville, New York
      May 22, 2008

                                      KINGSLEY KINGSLEY & CALKINS
                                      Attorneys for Plaintiff

                              By: _____
                                      KEVIN T. MURTAGH
                                      91 West Cherry Street
                                      Hicksville, NY 11801
                                      (516) 931-0064

HMK/mjg CH 7977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY

                Plaintiff,

-against-

M/V HYUNDAI GARNET her engines, boilers, tackle, etc., FAN CHENG INTERNATIONAL TRANSPORTATION SERVICE, CO. LTD., EURASIA EXPRESS CO., LTD., EURASIA EXPRESS GROUP, EURASIA FREIGHT SERVICES, INC.

                Defendants.
-------------------------------------------------------------X

<u>VERIFIED COMPLAINT WITH PRAYER FOR MARITIME ATTACHMENT</u>

    Plaintiffs through their attorney KINGSLEY, KINGSLEY & CALKINS allege for their complaint herein:

    1.    This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

    2.    Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

    3.    Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

    4.    The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered

by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered.

5. The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6. Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7. If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

8. Plaintiffs' damages are in excess of $65,129.34.

9. After diligent search the undersigned attorney is unable to locate any agents for service of process upon defendants in this district, but plaintiff believes there are properties, debts, credits, freights and bank accounts in this district which may be attached pursuant to Admiralty Rule B.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $65,129.34 plus interest and costs, and pray the Court to issue its process against the aforesaid defendants and vessel, and to issue its process of maritime attachment against the property of defendants in this district pursuant to Admiralty Rule B.

Dated: February 19, 2008

> KINGSLEY, KINGSLEY & CALKINS
> Attorneys for Plaintiff
>
> BY: _____
> HAROLD M. KINGSLEY
> 91 West Cherry Street
> Hicksville, New York 11801
> (516) 931-0064
> hmk@kingsleyandkingsley.com

## SCHEDULE A

| | |
|---|---|
| OUR REF: | CH 7977 |
| VESSEL: | M/v HYUNDAI GARNET |
| PORTS: | Shanghai/New York |
| BILLS OF LADING: | MOLU488720947,43 and others |
| DATED: | July 7, 2007 |
| CONTAINER: | TTNU4131060 |
| DESCRIPTION OF CARGO: | Knit Caps |
| AMOUNT: | $65,129.34 |

## VERIFICATION

    Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York , state that I am the attorney of record for FEDERAL INSURANCE COMPANY, in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

    The reason this Verification is made by the undersigned and not by an officer of FEDERAL INSURANCE COMPANY, is that there are no officers now present in Nassau County where affiant has his office.

Dated: February 19, 2008

                                                                         HAROLD M. KINGSLEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE

In accordance with the provisions of 28 U.S.C., Sec. 636(c), you are hereby notified that the United States Magistrates of this District Court, in addition to their other duties; may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Copies of appropriate consent forms, for this purpose are available from the clerk of the court.*

You should be aware that your decision to consent, or not to consent, to the referral of your case to a United States Magistrate for disposition is entirely voluntary and should be communicated solely to the clerk of the District Court. Only if all the parties to the case consent to the reference to a Magistrate will either the Judge or Magistrate to whom the case has been assigned be informed of your decision. The district judge to whom your case is assigned must approve the reference of the case to a Magistrate for disposition.

An appeal from a judgment entered by a Magistrate may be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a District Court. 28 U.S.C., Sec. 636(c)(3). Alternatively, upon consent of all the parties an appeal may be taken to the District Court. 28 U.S.C., Sec. 636(c)(4). Cases in which an appeal is taken to the District Court may be reviewed by the Court of Appeals with leave of the latter court. 28 U.S.C., Sec. 636(c)(5). Copies of the consent forms for appeals to the District Court are available from the clerk of the court.*

* Room 14(A), Lower Lobby.